Filed: 4/4/2016 4:33:44 PM
Yoon Kim
District Clerk
Collin County, Texas
By Pam English Deputy
Envelope ID: 9940556

CAUSE NO. 401-01471-2016

| | | |
|---|---|---|
| ROBERT MARCHESI, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | COLLIN COUNTY, TEXAS |
| | § | |
| TWIN CITY FIRE INSURANCE | § | |
| COMPANY, | § | |
| Defendant. | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Robert Marchesi (hereinafter "Plaintiff "), and complains of Twin City Fire Insurance Company (hereinafter "Twin City").  In support of hi claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.      Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law.  Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court.  Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Allen, in Collin County, Texas.

### PARTIES

3.      Plaintiff is and individual whose residence is located in Allen, Collin County, Texas.

4.      Defendant Twin City Fire Insurance Company  is a foreign corporation, duly registered with the Texas Department of Insurance to do business in Texas, which may be served with process by serving this Original Petition and a copy of the citation on its Registered Agent at One Hartford Plaza T 17 81, Hartford, CT 06155, or wherever it may be found.

## BACKGROUND

5.      This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 401 Ellis Street, Allen, Texas 75002, (the "Property").  In addition to seeking economic and penalty based damages from Twin City, Plaintiff  also seek compensation from Twin City for damages caused by improperly investigating the extensive losses associated with this case.

6.      Plaintiff  owns the Property.

7.      Prior to the occurrence in question, Plaintiff  purchased a residential insurance policy from Twin City to cover the Property at issue in this case for a loss due to storm-related events.   Plaintiff's Property suffered storm-related damage. Through his residential policy, 46RBB956584, Plaintiff  was objectively insured for the subject loss by Defendant.

8.      On or around April 3, 2014, the Property suffered incredible damage due to storm related conditions.

9.      In the aftermath, Plaintiff   relied on Twin City to help begin the rebuilding process.  By and through his residential policy, Plaintiff  were objectively insured for the subject losses in this matter.



10.    Pursuant to his obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion.   Moreover, his residential policy covered Plaintiff during the time period in question.

11.    Despite Plaintiff's efforts, Twin City continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12.    Moreover, Twin City has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13.    In the months following, Plaintiff provided information to Twin City, as well as provided opportunities for Twin City to inspect the Property.   However, Twin City failed to conduct a fair investigation into the damage to the Property.   Moreover, Twin City failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff ' claims.

14.    Despite Twin City's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Twin City.   Further, Plaintiff made inquiries regarding the status of the losses, and payments.   Regardless, Twin City failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses.  As a result, to this date, Plaintiff have not received proper payment for their claim, even though notification was provided.

15.    Twin City has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property.  Twin City has furthermore failed to offer Plaintiff

adequate compensation without any explanation why full payment was not being made.   Twin City did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.   Twin City has further failed to affirm or deny coverage within a reasonable time. Plaintiff  also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Twin City in a timely manner.

17.   Twin City has, to date, refused to fully compensate Plaintiff  under the terms of the policy for which Plaintiff   paid, even though it was Twin City that failed to conduct a reasonable investigation.   Ultimately, Twin City performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18.   Twin City  has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19.   As a result of the above issues, Plaintiff  did not receive the coverage for which she had originally contracted with Twin City .   Unfortunately, Plaintiff  have, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.   In addition, Twin City  has failed to place adequate and proper coverage for Plaintiff causing Plaintiff  to suffer further damages.  As indicated below, Plaintiff  seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21.     All conditions precedent to recovery by Plaintiff have been met or has occurred.

## AGENCY

22.     All acts by Twin City  were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Twin City  and/or were completed in its normal and routine course and scope of employment with Twin City .

## CLAIMS AGAINST DEFENDANT

23.     Plaintiff  hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### NEGLIGENCE

24.     Twin City  had and owed a legal duty to Plaintiff  to properly adjust the structural and property damage and other insurance losses associated with the Property.    Twin City breached this duty in a number of ways, including but not limited to the following:

   a.     Twin City   was to exercise due care in adjusting and paying policy
          proceeds regarding Plaintiff's Property loss;

   b.     Twin City  had a duty to competently and completely handle and pay all
          damages associated with Plaintiff's Property; and/or

   c.     Twin City  failed to properly complete all adjusting activities associated
          with Plaintiff .

25.     Twin City's acts, omissions, and/or breaches did great damage to Plaintiff , and were a proximate cause of Plaintiff's damages.

**B.**
**BREACH OF CONTRACT**

26.     Plaintiff  hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27.     According to the policy that Plaintiff  purchased, Twin City  had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

28.     As a result of the storm-related event, Plaintiff  suffered extreme external and internal damages.

29.     Despite objective evidence of such damages, Twin City   has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff's benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses.  As a result of this breach, Plaintiff  has suffered actual and consequential damages.

**C.**
**VIOLATIONS OF TEXAS DECEPTIVE TRADE**
**PRACTICES ACT AND TIE-IN-STATUTES**

30.     Plaintiff hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

31.     Twin City's collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas Business & Commerce Code.  Twin City  collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

        a.     Representing that an agreement confers or involves rights, remedies or obligations which it does not have or involve, or which are prohibited by law;

b.  Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

c.  Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

d.  Using or employing an act or practice in violation of the Texas Insurance Code;

e.  Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

f.  Failure to properly investigate Plaintiff's claim; and/or

g.  Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Twin City  in low-balling and/or denying Plaintiff's damage claim.

32.  As described in this Original Petition, Twin City  represented to Plaintiff  that his insurance policy and Twin City's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff  the right to recover under Section 17.46 (b)(5) of the DTPA.

33.  As described in this Original Petition, Twin City  represented to Plaintiff  that its insurance policy and Twin City's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

34.  By representing that Twin City  would pay the entire amount needed by Plaintiff to repair the damages caused by the storm-related event and then not doing so, Twin City  has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

35.     Twin City   has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies.  This breach entitles Plaintiff  to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

36.     Twin City's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Twin City's unconscionable conduct gives Plaintiff  the right to relief under Section 17.50(a)(3) of the DTPA.

37.     Twin City's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

38.     Plaintiff  are a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by Twin City  to her detriment.  As a direct and proximate result of Twin City's collective acts and conduct, Plaintiff  has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff  now sues.  All of the above-described acts, omissions, and failures of Twin City  are a producing cause of Plaintiff's damages that are described in this Original Petition.

39.     Because Twin City's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Twin City   having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the



amount of mental anguish and actual damages due to Twin City  having intentionally committed such conduct.

40.     As a result of Twin City's unconscionable, misleading, and deceptive actions and conduct, Plaintiff  have been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf.  Accordingly, Plaintiff  also seeks to recover  his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff  may show herself to be justly entitled at law and in equity.

### D.
### VIOLATIONS OF TEXAS INSURANCE CODE

41.     Plaintiff   hereby incorporate by reference all facts and circumstances set forth within the foregoing paragraphs.

42.     Twin City's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058).   Specifically, Twin City   engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

   a.   Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

   b.   Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

   c.   Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

d.    Forcing Plaintiff  to file suit to recover amounts due under the policy by refusing to pay all benefits due;

e.    Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

f.    Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

43.    Plaintiff  is the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Twin City , and Plaintiff  relied upon these unfair or deceptive acts or practices by Twin City  to her detriment.  Accordingly, Twin City  became the insurer of Plaintiff .

44.    As a direct and proximate result of Twin City's acts and conduct, Plaintiff  has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which he now sues.

45.    Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Twin City's actions and conduct were committed knowingly and intentionally, Plaintiff  is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Twin City  having knowingly committed such conduct.  Additionally, Plaintiff  is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Twin City  having intentionally committed such conduct.

46.    As a result of Twin City's unfair and deceptive actions and conduct, Plaintiff  has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf.  Accordingly, Plaintiff  also seeks to recover her costs and reasonable and

necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff  may show himself justly entitled by law and in equity.

### E.
### BREACH OF THE COMMON-LAW DUTY
### OF GOOD FAITH AND FAIR DEALING

47.    Plaintiff   hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

48.    By its acts, omissions, failures and conduct, Twin City  has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

49.    Twin City   has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Twin City   knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered. These acts, omissions, failures, and conduct by Twin City   is a proximate cause of Plaintiff's damages.

### F.
### BREACH OF FIDUCIARY DUTY

50.    Plaintiff hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.



51.     Twin City  had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiff . As a result, Twin City  owed a duty of good faith and fair dealing to Plaintiff . Twin City  breached that fiduciary in that:

       a.     The transaction was not fair and equitable to Plaintiff ;

       b.     Twin City   did not make reasonable use of the confidence that Plaintiff placed upon it;

       c.     Twin City   did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff ;

       d.     Twin City  did not place the interests of Plaintiff  before its own, and Twin City   used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

       e.     Twin City placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

       f.     Twin City   did not fully and fairly disclose all important information to Plaintiff  concerning the sale of the policy.

52.     Twin City  is liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by National Lloyds' conduct.

## G.
### UNFAIR INSURANCE PRACTICES

53.     Plaintiff   hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

54.     Plaintiff  have satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Twin City  has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

55.     Such violations include, without limitation, all the conduct described in this Original Petition, plus Twin City's failure to properly investigate Plaintiff's claim.  Plaintiff also

includes Twin City's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff ' claims and Twin City's failure to pay for the proper repair of Plaintiff's Property, as to which Twin City's liability had become reasonably clear.

56.    Additional violations include Twin City's hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's storm-related damage and related claims.  Plaintiff further includes Twin City's failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Twin City's misrepresentations of coverage under the subject insurance policy. Specifically, Twin City is also guilty of the following unfair insurance practices:

    a.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

    b.    Engaging in unfair claims settlement practices;

    c.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

    d.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff ' claims as to which Twin City's liability had become reasonably clear;

    e.    Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff ;

    f.    Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or

    g.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

57.     Twin City  has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Twin City's conduct as described herein has resulted in Plaintiff's damages that are described in this Original Petition.

## H.
## MISREPRESENTATION

58.     Plaintiff   hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

59.     Twin City is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Twin City  did not inform Plaintiff of certain exclusions in the policy.   Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff  who relied on the misrepresentations to his detriment.   As a result, Plaintiff  has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees.  Twin City  is liable for these actual consequential and penalty-based damages.

## I.
## COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

60.     Plaintiff hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

61.     Plaintiff would show that Twin City   perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff , who relied upon such representations that ultimately resulted in his injuries and damages. Alternatively, Twin City  fraudulently concealed material facts from Plaintiff , the result of which caused damage to Plaintiff  as a result of the storm-related damages.

62.     Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff, Plaintiff have sustained damages far in excess of the minimum jurisdictional limits of this Court.

63.     By reason of Plaintiff's reliance on Twin City   fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiff has suffered actual damages for which she now sues.

64.     Plaintiff further allege that because Twin City  knew that the misrepresentations made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Twin City, and constitute conduct for which the law allows the imposition of exemplary damages.

65.     In this regard, Plaintiff   will show that she has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

66.     Accordingly, Plaintiff request that penalty damages be awarded against Twin City in a sum in excess of the minimum jurisdictional limits of this Court.

## WAIVER AND ESTOPPEL

67.     Plaintiff   hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

68.     Twin City  has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff .

## DAMAGES

69.     Twin City's acts have been the producing and/or proximate cause of damage to Plaintiff , and Plaintiff  seeks an amount in excess of the minimum jurisdictional limits of this Court.

70.     More specifically, Plaintiff  seeks monetary relief of over $100,000, but not more than $200,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## ADDITIONAL DAMAGES & PENALTIES

71.     Twin City's conduct was committed knowingly and intentionally.   Accordingly, Twin City  is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all operative provisions of the Texas Insurance Code.  Plaintiff  is, thus, clearly entitled to the 18% damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

72.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## JURY DEMAND

73.     Plaintiff   demand a jury trial and tenders the appropriate fee with this Original Petition.



## REQUEST FOR DISCLOSURE

74.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff  request that Twin City

disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l),

and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

75.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff  propounds the following

Requests for Production.

1.     Please produce Twin City's complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2.     Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3.     Please produce certified copy of the insurance policy pertaining to the claim involved in this suit.

4.     Please produce the electronic diary, including the electronic and paper notes made by National Lloyds' claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

5.     Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6.     Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7.     Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

8.     Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

9.    Please produce the videotapes, photographs and recordings of Plaintiff     or Plaintiff's home, regardless of whether Twin City  intend to offer these items into evidence at trial.

10.   Please produce any and all recordings of telephone conversations between Twin City and Plaintiff since the date of the incident.

11.   Please produce any and all Plaintiff's recorded statements given to Twin City since the date of the incident.

### INTERROGATORIES

76.    Pursuant to the Texas Rules of Civil Procedure, Plaintiff  propounds the following

Interrogatories.

1.    Please identify any person Twin City  expect to call to testify at the time of trial.

2.    Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3.    If Twin City  or Twin City's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Twin City  or any of Twin City 's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4.    Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Twin City's investigation.

5.    Please state the following concerning notice of claim and timing of payment:

    a.    The date and manner in which Twin City  received notice of the claim;
    b.    The date and manner in which Twin City  acknowledged receipt of the claim;
    c.    The date and manner in which Twin City     commenced investigation of the claim;
    d.    The date and manner in which Twin City  requested from the claimant
all    items, statements, and forms that Twin City   reasonably believed, at
the    time, would be required from the claimant; and
    e.    The date and manner in which Twin City   notified the claimant in

writing of the acceptance or rejection of the claim.

6.     Please identify by date, amount and reason, the insurance proceed payments made by Defendant, or on Defendant's behalf, to the Plaintiff .

7.     Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8.     When was the date Twin City  anticipated litigation?

9.     Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Twin City's document retention policy.

10.    Does Twin City  contend that the insured premises was damaged by storm-related events and/or any excluded peril?  If so, state the general factual basis for this contention.

11.    Does Twin City  contend that any act or omission by the Plaintiff  voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12.    Does Twin City  contend that the Plaintiff  failed to satisfy any condition precedent or covenant of the policy in any way?   If so, state the general factual basis for this contention.

13.    How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated?  State the following:

      a.     what performance measures are used; and
      b.     describe Twin City's bonus or incentive plan for adjusters.

14.    What is your compensation arrangement with your expert witnesses in this case?

## CONCLUSION

78.    Plaintiff    pray that judgment be entered against Twin City Fire Insurance Company, and that Plaintiff   be awarded all of her actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and

necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff   pray the be awarded all such relief to which he is due as a result of the acts of Twin City Fire Insurance Compay, and for all such other relief to which Plaintiff  may be justly entitled.

Respectfully submitted,

## THE VOSS LAW FIRM, P.C.

/s/  *Brittené V. Wilson*
Scott G. Hunziker
Texas Bar No. 24032446
Brittené V. Wilson
Texas Bar No. 24073326
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
scott@vosslawfirm.com
brittene@vosslawfirm.com

*ATTORNEYS FOR Plaintiff*



STATE OF TEXAS    (
COUNTY OF COLLIN  (
I, Yoon Kim, District Clerk in and for Collin County, Texas,
do hereby certify that the above foregoing is a true and correct copy of the
original document as the same appears on file in the File in the District Court,
Collin County, Texas. Witness my hand and seal of said Court, this
the _____ day of _____ A.D., 20____.
YOON KIM, DISTRICT CLERK
COLLIN COUNTY, TEXAS
DEPUTY _____



STATE OF TEXAS        )
COUNTY OF COLLIN )

I, Yoon Kim, District Clerk in and for Collin County Texas,
do hereby certify that the above foregoing is a true and correct copy of the
original document as the same appears on the file in the District Court,
Collin County, Texas. Witness my hand and seal of said Court, this
_____ day of _____ A.D., 20__.

                    YOON KIM, DISTRICT CLERK
                    COLLIN COUNTY, TEXAS

                                    DEPUTY

Filed: 4/4/2016 4:33:44 PM
Yoon Kim
District Clerk
Collin County, Texas
By Pam English Deputy
Envelope ID: 9940556

CAUSE NO.  401-01471-2016

| | | |
|---|---|---|
| **ROBERT MARCHESI,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **COLLIN COUNTY, TEXAS** |
| | § | |
| **TWIN CITY FIRE INSURANCE** | § | |
| **COMPANY,** | § | |
| **Defendant.** | § | **____ JUDICIAL DISTRICT** |

---

### PLAINTIFF'S MOTION TO COMPEL MEDIATION PURSUANT TO §541.161 OF THE TEXAS INSURANCE CODE AND §17.5051 OF TEXAS BUSINESS AND COMMERCE CODE WITH BRIEF IN SUPPORT OF MOTION TO COMPEL MEDIATION

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Plaintiff Robert Marchesi, through counsel, and files this Motion to Compel Mediation, in accordance with **§541.161** of the Texas Insurance Code and **§17.5051** of Texas Business and Commerce Code, in support of the same, Plaintiff would show unto this Honorable Court as follows:

#### I. SUMMARY OF ARGUMENT

1.      This is a lawsuit regarding damage to an insured property.

2.      Pursuant to Texas Insurance Code **§541.161** and Texas Business and Commerce Code **§17.5051**, Plaintiff asks this court to compel a mediation in an attempt to timely resolve this dispute.

#### II. ISSUE PRESENTED

3.      At the request of a party, not later than the 90th day after the date a pleading for

1

relief under the Texas Insurance Code/Texas Business and Commerce Code has been served, the

Court shall sign an order setting the time and place for a mediation to occur within 30 days after

the date of such order.

### III. MOTION TO COMPEL MEDIATION

4.      To promote early resolution of consumer insurance complaints, Texas Insurance

Code and Texas Business and Commerce Code allows a party to compel another party to

mediation by seeking mediation within 90 days of filing a petition seeking relief. The mediation

must occur within 30 days of a signed order. The court may under certain circumstances grant an

additional 30 days in which the mediation can be completed. Such provision allows either the

parties to agree on a mediator or the court to appoint one.

5.      Plaintiff believes that there is a reasonable expectation that the disputes in this

case may be resolved by the use of the alternative dispute resolution procedure of mediation, and

Plaintiff therefore requests the Court to refer this dispute for resolution by mediation.

6.      Plaintiff requests that the Court refer this matter to a mediator who is qualified for

mediation as provided by the [Federal/State] Rules of Civil Procedure. Plaintiff request that the

costs of mediation be divided as directed per Tex. Ins. Code **§541.161** and Tex. Bus. & Com.

Code **§17.5051**, paid in advance directly to the mediator, and taxed as costs.

7.      Plaintiff prays that this Honorable Court grant this Motion for Mediation and

render an order of referral to mediation pursuant to Texas Insurance Code **§541.161** and Texas

Business and Commerce Code **§17.5051**.



2

## IV. BRIEF IN SUPPORT OF MOTION

8.      **§541.161(a)&(b)** of the Texas Insurance Code and **§17.5051(a)&(b)** of the Texas

Business and Commerce Code state:

> A party may, no later than the 90th day after the date
> a pleading for relief under this subchapter is served,
> file a motion to compel mediation of the dispute in
> the matter provided by this section. **This court
> shall, no later,than the 30th day after the date a
> motion under this section is filed, sign an order
> setting the time and place of the mediation.**

9.      **§541.161(c)&(d)** of the Texas Insurance Code and **§17.5051(c)&(d)** of the Texas

Business and Commerce Code state:

> The court shall appoint a mediator if the parties do
> not agree on a mediator. The mediation must be
> held not later than the 30th day after the date the
> order is signed unless:
> **(1)** the parties agree otherwise; or
> **(2)** the court determines that additional time not to
>      exceed 30 days is warranted.

10.     Plaintiff has filed a pleading for relief under Texas Insurance Code **§541** and / or

Texas Business and Commerce Code **§17** that was served on Plaintiff within 90 days from this

motion; therefore, Plaintiff now asks this court to sign an order setting the time and place for

mediation to be held not later than the 30th day after such order is signed.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, for all reasons set forth above, Plaintiff

prays that this Honorable Court sign an order setting the time and place for mediation to occur

within 30 days from such order and further names a duly qualified mediator.

3

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**


/s/  *Brittené V. Wilson*
Bill L. Voss
Texas Bar No. 24047043
Scott G. Hunziker
Texas Bar No. 24032446
Brittené V. Wilson
Texas Bar No. 24073326
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
bill.voss@vosslawfirm.com
scott@vosslawfirm.com
brittene@vosslawfirm.com

*ATTORNEYS FOR PLAINTIFF*



## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served upon the following counsel of record through ProDoc E-Filing and/or via Facsimile in accordance with the Texas Rules of Civil Procedure on the 4th day of March 2016.

Respectfully submitted,

/s/  *Brittené V. Wilson*
Brittené V. Wilson
Texas Bar No. 24073326
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
brittene@vosslawfirm.com



5

CAUSE NO. _____

| | | |
|---|---|---|
| **ROBERT MARCHESI,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **COLLIN COUNTY, TEXAS** |
| | § | |
| **TWIN CITY FIRE INSURANCE** | § | |
| **COMPANY,** | § | |
| **Defendant.** | § | **____ JUDICIAL DISTRICT** |

### ORDER GRANTING
### PLAINTIFF'S MOTION TO COMPEL MEDIATION

---

After considering Plaintiff Robert Marchesi's Motion to Compel Mediation, this

Honorable Court:

GRANTS Plaintiff's Motion to Compel Mediation,

ORDERS that mediation between the parties be completed no later than the _____ day of

_____, 2016, and

ORDERS that the parties submit within fifteen (15) days of this Order a proposed

mediator and location for mediation. If the parties do not submit a proposed mediator and

location by the 15th day of the filing of this Order, this Court will appoint a mediator for the

parties.

SIGNED this _____ day of _____, 2016.



STATE OF TEXAS )
COUNTY OF COLLIN )

I, Yook Kim, District Clerk in and for Collin County, Texas, do hereby certify the above foregoing is a true and correct copy of the original document as the same appears on file in the District Court of Collin County, Texas. Witness my hand and seal of said Court, this _____ day of _____ A.D. 20___.

YOON KIM, DISTRICT CLERK
COLLIN COUNTY, TEXAS

DEPUTY _____



STATE OF TEXAS      )
COUNTY OF COLLIN )
I, Yoon Kim, District Clerk in and for Collin County Texas,
do hereby certify that the above foregoing is a true and correct copy of the
original document as the same appears on the file in the District Court,
Collin County, Texas. Witness my hand and seal of said Court, this
the ___ day of _____ A.D., 20__
                    YOON KIM, DISTRICT CLERK
                    COLLIN COUNTY, TEXAS
                                            DEPUTY

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.401-01471-2016

Robert Marchesi vs. Twin City Fire Insurance
Company

In the 401st District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:  Twin City Fire Insurance Company
One Hartford Plaza T 17 81
Hartford CT  06155, Defendant

GREETINGS:  You are commanded to appear by filing a written answer to **Plaintiff's Original Petition and Plaintiff's Motion to Compel Mediation** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 401st District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Brittene V Wilson  26619 Interstate 45 South  The Woodlands TX 77380 (Attorney for Plaintiff or Plaintiffs), on  April 04, 2016, in this case, numbered 401-01471-2016 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition And Plaintiff's Motion to Compel Mediation** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 5th day of April, 2016.

ATTEST: Yoon Kim, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

Signed 4/5/2016 2:16:26 PM

By: ___Pam English___ , Deputy

Pam English

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any questions you have should be directed to an attorney.**

STATE OF TEXAS

I, Yoon Kim, District Clerk in and for Collin County, Texas do hereby certify that the above foregoing is a true and correct copy of the original document as the same appears on the file in the District Court, Collin County, Texas. Witness my hand and seal of said Court, this the ___ day of ___, A.D. 20___.

YOON KIM, DISTRICT CLERK
COLLIN COUNTY, TEXAS

DEPUTY



STATE OF TEXAS        )
COUNTY OF COLLIN  )

I, Yoon Kim, District Clerk in and for Collin County Texas,
do hereby certify that the above foregoing is a true and correct copy of the
original document as the same appears on the file in the District Court,
Collin County, Texas. Witness my hand and seal of said Court, this
the ____ day of _____ A.D., 20__

YOON KIM, DISTRICT CLERK
COLLIN COUNTY, TEXAS

_____ DEPUTY